UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GAYDON LOWE and wife | ) | |
| MELISSA LOWE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:08-cv-08 |
| | ) | (Phillips) |
| FOUNTAIN FORESTRY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

On January 14, 2008, plaintiffs filed a notice of voluntary dismissal without prejudice [Doc. 6]. Defendant now moves to strike plaintiff's notice of voluntary dismissal [Doc. 4] because it had filed its answer and cross-complaint and because plaintiff did not comply with the Local Rules of this court requiring electronic filing.

For the reasons that follow, defendant's motion is **DENIED**, plaintiffs' claims are **DISMISSED** without prejudice, and defendant's counterclaim is **REMANDED** to the Chancery Court for Scott County, Tennessee.

**I.    BACKGROUND**

On December 18, 2007, plaintiffs brought the instant action in the Chancery Court for Scott County, Tennessee. On January 10, 2008, defendant removed the action to this court, citing diversity of citizenship as the basis for this court's jurisdiction. On January 14, 2008, the plaintiffs filed a notice of voluntary dismissal. Instead of utilizing this court's electronic

-1-

filing system, plaintiffs filed a copy with the office of the Clerk of Court and both mailed and hand-delivered copies to defendant. That same day, defendant electronically filed its answer and counter-complaint. Plaintiffs apparently filed their notice of voluntary dismissal a short time before defendant filed its answer and counter-complaint.

Defendant moves the court to strike plaintiffs' voluntary dismissal. In support, defendant argues that plaintiffs' notice should not be given priority, as it was filed in violation of this court's local rules requiring electronic filing. Defendant also disputes the validity of the service of the notice. Assuming priority, defendant argues that voluntary dismissal is precluded under Federal Rule of Civil Procedure 42(a)(1), as the notice was served after the answer was filed. Finally, defendant argues that this is merely a vehicle for plaintiffs to refile this action in state court, pleading a lesser amount of damages such that federal jurisdiction based on diversity of citizenship would not exist.

Plaintiffs do not dispute that they did not file electronically, but note to the court that they had not expected to practice in federal court and have not done so for several years. Plaintiffs also cite Federal Rule of Civil Procedure 5(d)(4), which states that "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Finally, plaintiffs note that if they had waited for their registration on the electronic filing system to become complete, they would have been prejudiced by the loss of their right to dismiss the action voluntarily without an order of the court.

**II. ANALYSIS**

Federal Rule of Civil Procedure 41 governs the dismissal of an action. Rule 41(a)(1) provides for voluntary dismissal by the plaintiff. A plaintiff is permitted to "dismiss an action

without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. Pro. 41(a)(1).  Defendant argues that because it had filed its answer on the same day as plaintiff filed this notice and because it filed in accordance with this court's electronic filing system, this court should find that defendant had filed its answer and therefore voluntary dismissal without court order is improper.

However, as plaintiff notes, Rule 5(d)(4) provides that the Clerk may not refuse to accept any filing simply because it does not comply with the Federal Rules of Civil Procedure or local rules of this court.  More so, Rule 5(d)(3) states that if a court requires electronic case filing, it may only do so if "reasonable exceptions are allowed."  This court accepts plaintiff's reasons for filing with the Clerk, rather than electronically, and needs not disallow the filing solely because of its form or the manner in which it was filed.  Accordingly, plaintiffs served the notice before defendant filed its answer and counter-complaint, and the voluntary dismissal without prejudice is valid.

In any event, even if this court were to find that plaintiffs' violation of the electronic filing system requirements gave priority to defendant's answer, dismissal is proper by court order under Rule 41(a)(2).  That rule provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed by the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Fed. R. Civ. Pro. 41(a)(2).  The decision whether to grant dismissal "under the authority of

Rule 41(a)(2) is within the sound discretion of the district court." *Grover ex rel. Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *accord Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 500 (6th Cir. 2007); *Maldonado v. Thomas M. Cooley Law School*, 65 F. App'x 955, 956 (6th Cir. 2003). In determining whether to grant dismissal, the court considers whether the defendant would suffer "plain legal prejudice" as a result of the dismissal without prejudice. *Grover*, 33 F.3d at 718. Several factors aid the court in determining whether defendant will suffer plain legal prejudice, including "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* "[T]he mere prospect of a second lawsuit," however, does not constitute "plain legal prejudice." *Id.*

The court finds that none of these factors demonstrates that defendant will suffer "plain legal prejudice." The proceedings are in the very early stage, and discovery has yet to occur. The crux of defendant's argument is that it will suffer prejudice with the refiling of this action in state court; indeed, defendant would accept dismissal if it were with prejudice. Mere fear of facing a second suit, however, is insufficient to overcome plaintiffs' voluntary dismissal. *Id.* Nor are plaintiffs precluded from requesting voluntary dismissal so that they can later refile in state court, pleading a lesser amount of damages to defeat federal jurisdiction.[1]

Having dismissed plaintiffs' claims, the court must determine whether it can retain

---

[1] Defendant's reliance on the Sixth Circuit opinion in *Rogers v. Wal-Mart Stores, Inc.*, 23 F.3d 868 (6th Cir. 2000) is misplaced, as that case applies to remand, not voluntary dismissal. In any event, as this court has previously noted, *Rogers* appears to have been abrogated by the Supreme Court's decision in *Powerex Corp. v. Reliant Energy Servs.*, 127 S. Ct. 2411 (2007) ("[A] case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand." (emphasis removed)).

defendant's counterclaim for independent adjudication. Defendant seeks a declaratory judgment that "it has the absolute right to use the road in question in the course of its timber harvesting operation under contract with the timber and surface owner of adjacent property." [Doc. 3 at 2-3]. The court finds, however, that it lacks jurisdiction over defendant's counterclaim. Although the amount in controversy in actions seeking a declaratory judgment is determined by the value of the litigation, *e.g.*, *LoDal, Inc. v. Home Ins. Co.*, No. 95-2187, 1998 U.S. App. LEXIS 12841, at *7 (6th Cir. June 12, 1998), this court finds that defendant has in no way demonstrated that the value of its counterclaim exceeds $75,000. Nor does 28 U.S.C. § 2201, under which defendant seeks relief, provide a basis for federal question jurisdiction, as that provision is merely a vehicle for defendant's relief, not the applicable law governing the substance of defendant's counterclaim. Accordingly, there being no means of exercising jurisdiction, defendant's counterclaim must be remanded to the state court.

## III. CONCLUSION

The court having found that plaintiff's notice of voluntary dismissal to be proper, either under Federal Rule of Civil Procedure 41(a)(1) or Rule 41(a)(2), plaintiffs' claim is hereby **DISMISSED** without prejudice. There being no jurisdiction thereover, defendant's counterclaim is **REMANDED** to the Chancery Court for Scott County, Tennessee, for further proceedings.

**IT IS SO ORDERED**.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge